UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARPER,<br><br>                Petitioner,<br><br>   v.<br><br>CDCR,<br><br>                Respondent. | No.  2:20-cv-01119 GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Petitioner, a state prisoner proceeding in pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

      Petitioner is currently confined in California Medical Facility. In his habeas petition, for the nature of offense petitioner seeks to contest, petitioner states, "to get the inmates to get punished for the sexual crimes these inmates do to the female staff at the prisons in California and not get punished for it." ECF No. 1 at 1. The petition also includes federal regulations, secondary sources, and the California Department of Corrections and Rehabilitation's policies on sex crimes.

1                A federal court may not entertain a petition for writ of habeas corpus brought by a person
2        in custody pursuant to the judgment of a state court unless the petition has been brought "on the
3        ground that he is in custody in violation of the Constitution or laws or treaties of the United
4        States." 28 U.S.C. § 2254(a). Federal habeas corpus relief is available only for challenges to the
5        duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).
6        It is apparent from the petition, that petitioner does not seek to challenge the duration or legality
7        of his confinement. Instead, petitioner appears to seek relief for female prison staff in California
8        prisons whom petitioner alleges are subjected to sex crimes by prison inmates. However, a writ of
9        habeas corpus is not the appropriate vehicle for such relief.  Rule 4 of the Rules Governing
10       Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition
11       "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the
12       petitioner is not entitled to relief in the district court. Accordingly, this petition should be
13       dismissed for failure to state a cognizable federal claim.

14               Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must
15       issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A
16       certificate of appealability may issue only "if the applicant has made a substantial showing of the
17       denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in these
18       findings and recommendations, a substantial showing of the denial of a constitutional right has
19       not been made in this case.

20               In accordance with the above, IT IS HEREBY ORDERED that:
21               1.  Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted; and
22               2.  The Clerk of the Court shall assign this case to a district judge.
23               Further, IT IS HEREBY RECOMMENDED that:
24               1. The petition for writ of habeas corpus (ECF No. 1) be summarily DISMISSED for
25       failure to state a claim; and
26       ////
27       ////
28       ////

      2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: June 19, 2020

                              /s/ Gregory G. Hollows
                      UNITED STATES MAGISTRATE JUDGE